In the Matter of the Claim of WILLIAM L. PARNELL, Respondent, against BUFFALO AND PORT ERIE PUBLIC BRIDGE AUTHORITY et al., Appellants, and SPECIAL FUND CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and its carrier appeal from a decision and award of the Workmen's Compensation Board which discharged the Special Fund under subdivision 8 of section 15 of the Workmen's Compensation Law, from liability and imposed the entire award against the employer and carrier without reimbursement. The sole issue is whether the case comes within the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant had been employed by the same employer for twenty-four years as a toll collector at a bridge. On January 26, 1939, claimant fractured his right arm in the course of his employment. An award was made for a 20% loss of use of the right arm. Claimant returned to work on March 10, 1939, and continued to work in the same employment as a toll collector for approximately twelve years until April 27, 1951, when he fractured his right leg in a fall in the course of his employment, resulting in a 66⅔% loss of use of the right leg. In a subsequent fall due to the instability caused by the first leg injury, claimant fractured his left leg, resulting in a 60% permanent loss of use of that limb. During the interval between the arm injury in 1939 and the leg injuries in 1951 claimant performed his regular duties as a toll collector and held the same job which he had previously held. He performed all the duties of a toll collector during that period. There is some evidence that following his return to work on March 10, 1939, he was assigned to a traffic lane where the traffic was lighter, as was customary when anyone returned to work after an illness or injury. The board has held that subdivision 8 of section 15 does not apply because the evidence does not establish that claimant's arm injury in 1939 presented a hindrance or obstacle to his employment or to his continuance in employment, and that his disability as a result of the injuries sustained in 1951 was any greater because of the previous injury in 1939. While there is some conflict in the evidence and one witness gave conflicting testimony, the record presents a clear question of fact with evidence to sustain the finding of the board. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.